Egan Jr., J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which partially denied petitioners’ application to have a report maintained by the Central Register of Child Abuse and Maltreatment amended to be unfounded and sealed.
Petitioner Theresa WW. (hereinafter the foster mother) has been a certified foster parent for 10 years and her husband, petitioner Walter WW (hereinafter the foster father), has been a certified foster parent for nine years. In August 2011, petitioners had six foster children placed in their care, including— insofar as is relevant here — a six-year-old girl and her nine-year-old brother. In October 2011, a report was filed with the Central Register of Child Abuse and Maltreatment alleging, among other things, that the foster mother pulled the arm of *1175 the six-year-old girl when the child was reluctant to exit the foster mother’s vehicle. An investigation ensued, during the course of which a child protective services caseworker spoke with five of the six foster children residing in petitioners’ home. As a result of those interviews, certain of the allegations of maltreatment against petitioners were deemed to be substantiated. Specifically, the allegation of inadequate guardianship against the foster mother was indicated based upon her conduct in pulling the arm of the six-year-old girl and failing to provide adequate supervision to all six foster children. Additionally, the allegation of inadequate guardianship against the foster father was indicated based upon his conduct in slapping the girl’s nine-year-old brother on the head on more than one occasion.[1]
Petitioners thereafter requested that the indicated report against them be amended to be unfounded. Upon administrative review, that request was denied, and the matter proceeded to a hearing. At the conclusion of that hearing, at which petitioners and their character witnesses were the sole witnesses to appear and testify, respondent found insufficient evidence to sustain the finding of inadequate guardianship based upon the foster mother’s failure to properly supervise all six foster children. Respondent did, however, find that the remaining allegations against petitioners were established by a fair preponderance of the evidence and, hence, denied the balance of the requested relief. Petitioners then commenced this proceeding pursuant to CPLR article 78 to challenge respondent’s determination.
Although we find no merit to petitioners’ various due process claims, we nonetheless are persuaded that the underlying determination must be annulled. In order to establish maltreatment, the agency must demonstrate — by a fair preponderance of the evidence — that the child’s “physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her caregiver] . . . to exercise a minimum degree of care ... in providing [him or her] with proper supervision or guardianship” (Matter of Christine Y. v Carrion, 75 AD3d 831, 831 [2010] [internal quotation marks and citation omitted]; see 18 NYCRR 432.1 [b] [1] [ii]; Matter of Cheryl Z. v Carrion, 119 AD3d 1109, 1110 [2014]). Upon review, this Court’s inquiry is limited to ascertaining whether the agency’s determination is supported by substantial evidence, i.e., “whether reasonable minds could adequately ac *1176 cept the conclusion based on the relevant proof” (Matter of John R. v State of N.Y. Off. of Children & Family Servs., 97 AD3d 958, 959 [2012] [internal quotation marks and citations omitted]; see Matter of Cheryl Z. v Carrion, 119 AD3d at 1110).
Here, the evidence against petitioners consisted entirely of the investigation summary and progress notes, the latter of which were prepared — in relevant part — by the child protective services caseworker based upon interviews with five of the six foster children, who ranged in age from 6 to 12 years old.[2] The authoring caseworker did not testify. Petitioners denied the allegations of maltreatment and offered into evidence the results of medical evaluations conducted with respect to each of the foster children shortly after the allegations of maltreatment surfaced. Those medical records, in turn, revealed that “[t]he children’s exams [were] all normal,” that the examining physician had “no independent concerns of maltreatment” and, notably, that the six-year-old girl who purportedly accused the foster mother of grabbing her by the arm and pulling her from a vehicle “denie[d] maltreatment” when questioned by the examining physician outside of the presence of the foster mother.
To be sure, an administrative determination may, under appropriate circumstances, “be based entirely upon hearsay evidence” (Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs., 112 AD3d 1020, 1022 [2013]), and there is no question that “hearsay is admissible in expungement hearings and, if sufficiently relevant and probative, may constitute substantial evidence to support the underlying determination” (Matter of Ribya BB. v Wing, 243 AD2d 1013, 1014 [1997] [internal quotation marks and citation omitted]; accord Matter of Nils TT. v New York State Dept. of Social Servs., 251 AD2d 779, 780 [1998], lv denied 92 NY2d 810 [1998]; see Matter of Markman v Carrion, 120 AD3d 1580, 1581 [2014]). Under the particular facts of this case, however, we do not find the investigation summary and progress notes admitted into evidence at the hearing to be “sufficiently reliable” (Matter of Doctor v New York State Off. of Alcoholism & Substance Abuse Servs., 112 AD3d at 1022 [internal quotation marks and citations omitted]) to constitute substantial evidence of maltreatment — especially in view of the six-year-old girl’s contradictory statements in this regard. Accordingly, respondent’s determination is annulled.
Lahtinen, J.P., Garry and Devine, JJ., concur.

. As foster parents, petitioners were prohibited from utilizing corporal punishment as a method of disciplining their foster children (see 18 NYCRR 441.9 [c]).

. The remaining foster child was three years old at the time of the investigation and did not respond to the caseworker’s attempt to speak with her.